

**PLAINTIFF'S EXHIBIT 1**

# PURCHASE AND SALE CONTRACT

This Is A Legally Binding Contract.  If Not Understood, Legal, Tax Or Other Counsel Should Be Consulted Before Signing.

| Purchaser's Full Name | Mailing Address | Telephone # / Fax # / E-Mail Address |
|---|---|---|
| Jeanne M. Quagliano | 96 Wayside Drive, White Plains, NY 10607 | 914-263-0120/NA/Jeanne.quagliano@gmi |
| Steven D. Quagliano | | 914-329-4628/NA/quagliano@veriZon.ne |
| | | |
| | | |

| Seller's Full Name | Mailing Address | Telephone # / Fax # / E-Mail Address |
|---|---|---|
| Donald Sinex | | |
| | | |
| | | |
| | | |

1.  **Purchase and Sale Contract:**  This Purchase and Sale Contract (Contract) is made by and between:
Donald Sinex _____ (Seller) and
Jeanne M. Quagliano and Steven D. Quagliano _____ (Purchaser).
Purchaser agrees to purchase and Seller agrees to sell the Property described herein at the price and on the terms and conditions stated in this Contract.

2.  **Total Purchase Price:** one million three hundred thousand _____ U.S. Dollars ($1,300,000.00 _____ )

3.  **Contract Deposit:  $** 100,000.00 _____ (U.S. Dollars) as evidenced by ☑ **Personal check** ☐ **Bank check** ☐ **Cash** ☐ **Wire transfer**
**Additional Contract Deposit of $** 0 _____ **(U.S. Dollars) is due within** 0 **calendar days after the Contract Date set forth in Section 30.**  Unless otherwise agreed in writing, the pendency of any contingencies or special conditions in this Contract does not suspend or postpone Purchaser's obligation to make any required additional Contract Deposit.  All Contract Deposits shall be held by:
Purchaser's Attorney Client Trust Account _____ ("Escrow Agent").  If no binding Contract is created by the Contract Date or if Purchaser withdraws any pending offer prior to Seller's acceptance of that offer and notification thereof, all Contract Deposits shall be promptly returned to Purchaser**.**

4.  **Description of Real Property:**  For purposes of this Contract, the Property is described as follows:
    A.  Property Address: 9 Abbey Ln, 4 _____ Rutland _____ ; and/or
                   Street                 City/Town
    B.  Seller's Deed recorded in Volume 64 ____ at Page(s) 239-242 ____ of the Rutland Town ____ Land Records; and/or
    C.  Parcel ID Number: (171) 00130-0009 _____ ; and/or
    D.  SPAN Number: 543-171-11807 _____ .
    E.  The Property is further described as:
    Main two story dwelling ,entertainment barn, 3 car detached garage, several outbuildings and inground pool located on 10.37 acres.
    **NOTE:**  Not every Property Description choice is required in order to form this Contract.  The validity and enforceability of this Contract is not affected by the omission of one or more of the above choices, provided at least one choice is filled in.  The deed delivered by Seller at Closing will govern the legal description of the real property to be conveyed under this Contract.

5.  **Closing:**  Closing and transfer of title shall occur on or before 07/31/2021 _____ at a mutually agreed time and place.  Closing may occur earlier if Seller and Purchaser agree in writing.  **Neither party shall be obligated to extend the date set for Closing.**

Seller's Initials [DS] 06/06/21 11:22 AM EDT dotloop verified      Purchaser's Initials [JMQ] 06/03/21 5:25 PM EDT dotloop verified   [SDQ] 06/03/21 5:33 PM EDT dotloop verified

6.  **Financing Contingency:** Purchaser's obligation to close under this Contract ☐ is ☑ **is not** subject to a financing contingency that Purchaser obtain mortgage financing in the amount of _____% of the purchase price for a term of ____ years at an interest rate not higher than _____% fixed for the term of the loan or _____% variable on the date of closing with not more than _____ points to be paid at Closing. Purchaser agrees to act diligently to obtain such financing and shall, **within _____ calendar days after this Contract is executed by Seller and Purchaser and notice thereof is provided to Purchaser in the manner required by Section 29**, submit a complete and accurate application for first mortgage financing to at least one mortgage lender or mortgage broker currently providing or placing such loans requesting first mortgage financing **in the amount and on the terms set forth above**. If Purchaser fails to timely submit such an application, this financing contingency is **waived** by Purchaser. **If, despite best efforts, Purchaser is denied financing by, or is unable to obtain financing approval from, the mortgage lender upon the terms set forth above, on or before _____, Purchaser (but not Seller) shall have the right to TERMINATE this Contract, provided Purchaser gives Seller written notification thereof, together with a copy of the lender's denial letter or letter from the lender explaining the reasons for Purchaser's inability to obtain such financing, within four (4) calendar days after the above date in the manner required by Section 29. If Purchaser fails to do so, Purchaser's right to terminate this Contract on account of the Financing Contingency is waived.**

   **Purchaser understands that strict adherence to all timelines and other requirements of any Lender, including Purchaser's "Notice of Intent to Proceed with Loan" is critical to satisfy this Financing Contingency. Any failure to do so may adversely affect Purchaser's rights and obligations under this Contract.**

   In the event Purchaser terminates this Contract in accordance with the provisions of this Section, all Contract Deposits shall be forthwith returned to Purchaser, the Contract shall be terminated and shall be of no further force and effect. In such case, Seller and Purchaser agree to execute and deliver to Escrow Agent an authorization for delivery of all Contract Deposits to Purchaser. If Purchaser's obligation to close **IS** subject to a financing contingency, Purchaser provides the following information:

   **A.** Purchaser ☐ **has** ☐ **has not** consulted with a mortgage lender or mortgage broker about mortgage financing as of the date of Purchaser's offer.
   **B.** Purchaser has obtained a mortgage lender's pre-approval or pre-qualification letter. ☐ **Yes** ☐ **No.**
   If Purchaser's obligation to close **IS NOT** subject to a financing contingency, Purchaser represents to Seller that Purchaser has sufficient cash or liquid assets to close on the purchase of the Property.

7.  **Lead-Based Paint:** Based upon representations made by Seller and Purchaser's own investigation and information, it is agreed that the Property ☐ **is** ☑ **is not** pre-1978 residential real estate and therefore ☐ **is** ☑ **is not** subject to Federal (EPA/HUD), State and, if applicable, Municipal Lead-Based Paint Regulations. If the Property is pre-1978 residential real estate, the parties must execute a Lead-Based Paint Addendum with required disclosures, which shall become part of this Contract. Lead-Based Paint Addendum And Disclosures attached. ☐ **Yes** ☑ **No.**

8.  **Property Inspection Contingency:** Purchaser's obligation to close under this Contract ☑ **is** ☐ **is not** subject to a property inspection contingency. If this Contract is subject to a property inspection contingency, the parties must execute a **Property Inspection Contingency Addendum** which shall become part of this Contract.

9.  **Addendum/Supplemental Conditions to Contract:** Additional terms to Contract are set forth in the Addendum (or Addenda) or Supplemental Conditions signed by Seller and Purchaser. ☑ **Yes** ☐ **No.**

10. **Special Conditions:**

    
11. **Condominium/Common Interest Community:** If the Property is a condominium unit, part of a common interest community, planned community, planned unit development (PUD) or other property subject to the Vermont Common Interest Ownership Act, a Common Interest Ownership Addendum is required. Common Interest Ownership Addendum attached. ☐ **Yes** ☑ **No.**

Seller's Initials  | DS 06/06/21 |  |  |          Purchaser's Initials  | JMQ 06/23/21 | STQ 06/23/21 |  |

12. **State and Local Permits:** The parties acknowledge that certain state and local permits may govern the use of the Property. To the best of Seller's knowledge, the Property is in compliance with any existing permits. Further, Seller has not received notice of violation(s) of any State or Local permit that has not been cured or resolved, unless otherwise disclosed in writing.

13. *Limitation of Liability: Seller and Purchaser agree that the real estate broker(s) identified in Section 31 have provided both Seller and Purchaser with benefits, services, assistance and value in bringing about this Contract. In consideration thereof, and in recognition of the relative risks, rewards, compensation and benefits arising from this transaction to the real estate broker(s), Seller and Purchaser each agree that no broker, or any of its agents, associates or affiliates, shall, in any event, be liable to either Purchaser, Seller or both, either individually or jointly and severally, in an aggregate amount in excess of the compensation paid to such broker on account of this transaction or $5,000, whichever is greater, by reason of any act or omission, including negligence, misrepresentation, error or omission, or breach of any undertaking whatsoever, except for an intentional or willful act. This limitation shall apply regardless of the cause of action or legal theory asserted against the real estate broker(s) unless the claim is for an intentional or willful act. This limitation of liability shall apply to all claims, losses, costs, damages or claimed expenses of any nature whatsoever from any cause or causes, except intentional or willful acts, so that the total aggregate liability of any real estate broker identified in Section 31 hereof shall not exceed the amount set forth herein. Seller and Purchaser each agree that there is valid and sufficient consideration for this limitation of liability and that the real estate broker(s) are the intended third-party beneficiaries of this provision.*

14. **Possession:** Possession and occupancy of the premises, together with all keys/access devices or codes to the premises and any property or fixtures that are part of the sale, shall be given to Purchaser at Closing unless otherwise agreed in writing. Seller shall leave the premises broom clean, free from all occupants, and shall remove all personal property not being sold hereunder, together with the personal property of all occupants. Seller agrees to permit Purchaser to inspect the premises within 24 hours prior to the date set for Closing to ensure compliance with this provision.

15. **Payment of Purchase Price:** Payment of the Purchase Price is due at Closing and shall be adjusted for any Contract Deposits held by Escrow Agent to be disbursed at Closing, taxes or tax withholding applicable to Seller as described in Sections 17 and 18 of this Contract, or as required by other applicable law, Closing Adjustments under Section 26 of this Contract, compensation due to Seller's real estate broker, and any other items agreed to in writing by Seller and Purchaser. The purchase price, after adjustments are made, shall be paid to Seller in cash, by wire transfer, electronic transfer, certified, treasurer's or bank teller's check, check drawn on the trust or escrow account of a real estate broker licensed in the State of Vermont, or, check drawn on the trust or escrow account of an attorney licensed in the State of Vermont, or any combination of the foregoing. Seller and Purchaser agree that, prior to Closing, upon request, the brokers named in Section 29 of this Contract shall be provided with a copy of the proposed TILA-RESPA Closing Disclosure (CD) pages 2 and 3 (Closing Cost Details and Summaries of Transactions) and, at Closing, upon request, said brokers shall be provided a copy of the final CD(s) signed by Seller and Purchaser. In the event Seller requests funds by wire transfer or by certified, treasurer's or bank teller's check, Seller shall provide notice thereof to the attorney or settlement agent closing the transaction within a reasonable time prior to the date scheduled for Closing. All fees or charges incurred to enable funds to be paid to Seller by wire transfer, certified, treasurer's or bank teller's check shall be paid for at Closing by Seller. **Unless otherwise agreed to in writing, or as directed by the attorney or settlement agent closing the transaction, all Contract Deposits held by Escrow Agent shall be paid directly to Seller at Closing and credited toward the total proceeds to be paid to Seller at Closing. In the event the attorney or settlement agent closing the transaction requests Escrow Agent to deliver the Contract Deposits prior to the date set for Closing, Seller and Purchaser hereby authorize Escrow Agent to do so, provided the Contract Deposit funds are made payable to the closing attorney or settlement agent's trust or escrow account and Escrow Agent reasonably believes the Closing shall occur as scheduled.**

16. **Deed:** Unless otherwise agreed to in writing, Seller shall deliver to Purchaser at Closing a Vermont warranty deed, prepared and paid for by Seller, conveying marketable title to the Property as defined by Vermont law.

17. **Property Transfer Tax/Land Gains Tax/Act 250 Disclosure Statement:** Purchaser shall pay any Vermont Property Transfer Tax due on account of the sale of the Property. If any Vermont Land Gains Tax is due as a result of the sale of the Property, the Seller shall pay such tax as may be due, except as otherwise provided by law or by addendum to this Contract. At or prior to closing, Seller shall provide Purchaser with satisfactory proof either that there is no such tax due or that the tax has been paid in full, or shall provide a certificate from the Vermont Department of Taxes specifying the amount of any tax that may be due as a result of the sale. In the event Seller is required to provide Purchaser with an Act 250 Disclosure Statement and fails to provide such a statement or provides the statement in an untimely manner, Purchaser's closing on this transaction and acceptance of Seller's deed shall constitute a waiver and release of Purchaser's right to declare this Contract unenforceable, to rescind this transaction or to pursue Seller for damages arising out of the failure to provide an Act 250 Disclosure Statement.

18. **Income Tax Withholding Requirements if Seller is a Nonresident of Vermont and/or Subject to Tax Under the U.S. Foreign Investment in Real Property Tax Act:** If Seller is a nonresident of Vermont, unless a withholding certificate is issued by the Vermont Commissioner of Taxes in advance of the closing, Purchaser shall withhold 2.5 percent of the total purchase price and file a withholding tax return with the Vermont Department of Taxes. In addition, if the sale of the Property subjects Seller to the payment of federal tax under the Foreign Investment in Real Property Tax Act (FIRPTA), unless a withholding certificate is issued by the Internal Revenue Service, Purchaser shall withhold 15 percent of the total purchase price (35% for foreign corporations) and file a withholding tax return with the Internal Revenue Service. If Purchaser fails to withhold such taxes when required to do so, Purchaser may be liable to the respective taxing authorities for the amount of such tax. Purchaser shall have the right to reasonably request evidence

Seller's Initials      Purchaser's Initials   

that Seller is exempt from payment of either tax in the form of a certificate of residence or non-foreign status. In the event Purchaser is determined to be liable for the payment of either tax, Seller shall indemnify and hold Purchaser harmless from all such liability together with any interest, penalties and reasonable expenses, including attorney's fees, incurred by Purchaser.

19. **Purchaser's Examination of Title:** Purchaser, at his or her sole cost and expense, shall cause the title to the Property to be examined and shall notify Seller in writing, prior to the date set for Closing, of the existence of any encumbrances or defects which are not excepted in this Contract which render title unmarketable as defined by Vermont law. In such event, Seller shall have thirty (30) calendar days from the time Seller receives such notice to remove the specified encumbrances or defects. Promptly following receipt of such notice, Seller shall exercise reasonable efforts and diligence to remove or cure the specified encumbrances or defects. If, at the expiration of thirty (30) calendar days from the receipt of such notice, or on the date set

for Closing, whichever is later, Seller is unable to convey marketable title free and clear of such encumbrances or defects, Purchaser may terminate this Contract, and, if so, shall receive all Contract Deposits and, in addition, may pursue all legal and equitable remedies provided by law, including any damages incurred after the thirty (30) day period referred to above.

20. **Default:** If Purchaser fails to close as provided herein, or is otherwise in default, Seller may terminate this Contract by written notice as provided in Section 29 and claim all Contract Deposit(s) as liquidated damages, or may elect to pursue all legal and equitable remedies provided by law. In the event of Purchaser's default, Seller's damages may be difficult to initially evaluate due to future events that cannot be predicted. The Contract Deposit(s) is agreed to be a reasonable estimate of at least some of Seller's damages resulting from Purchaser's default. Seller's right to claim the Contract Deposit(s) is not intended to be a penalty for Purchaser's default nor an incentive for Purchaser to perform its obligations under this Contract. If Seller fails to close, or is otherwise in default, Purchaser may terminate this Contract by written notice as provided in Section 29 and claim all Contract Deposit(s) as liquidated damages or subject to the provisions of Section 19 relating to the thirty (30) calendar day cure period for title encumbrances or defects, elect to pursue all legal and equitable remedies provided by law. In the event legal action is instituted arising out of a breach of this Contract, for payment or return of the Contract Deposit(s) or to obtain any available legal or equitably remedy, the substantially prevailing party shall be entitled to reasonable attorney's fees and court costs.

21. **Contract Deposits:** At Closing and transfer of title, Escrow Agent shall disburse all Contract Deposits. In the event Purchaser terminates this Contract under the specific provisions hereof entitling Purchaser to terminate, upon written demand, Escrow Agent shall refund all Contract Deposits to Purchaser in accordance with laws and regulations applicable to Escrow Agent. In the event either Seller or Purchaser does not perform and fails to close on the terms specified herein, this shall constitute a default. In the event of a default undisputed by Seller and Purchaser, upon written demand, Escrow Agent shall pay all Contract Deposits to the non-defaulting party in accordance with laws and regulations applicable to Escrow Agent. In such case, Seller and Purchaser agree to execute and deliver to Escrow Agent an Authorization for Delivery of All Contract Deposits to the party entitled to such Deposits. In the event Seller or Purchaser provides written notice to the other party of a claimed default and demands delivery of all Contract Deposits on account of such claimed default, if the party to whom such notice is sent disagrees, that party shall provide notice to the party demanding all Contract Deposits and to the Escrow Agent named in Section 3 of this Contract that it demands to mediate the dispute under Section 23 of this Contract. **If such demand to mediate is not sent within twenty-one (21) calendar days from the date written notice of a claimed default was sent, the failure to send such demand to mediate shall constitute authorization and permission under this Contract for Escrow Agent to pay all Contract Deposits to the party claiming default and demanding the Contract Deposits without further notice, documentation or authorization from either Seller or Purchaser.** Payment of all Contract Deposits by the Escrow Agent under such circumstances shall constitute the final resolution and disposition of all Contract Deposits. Seller and Purchaser acknowledge and agree that resolution of all Contract Deposits in this manner fully and completely satisfies all laws, regulations and obligations applicable to Escrow Agent and agree to release, discharge, hold harmless and indemnify Escrow Agent acting in good faith pursuant to this section. In the event mediation is demanded and the dispute over all Contract Deposits is resolved by mediation, Seller and Purchaser agree to instruct Escrow Agent, in writing, as to the disposition and payment of all Contract Deposits. In the event the dispute over all Contract Deposits is not resolved by mediation, Escrow Agent shall continue to hold all Contract Deposits in escrow or may, at any time, pay all Contract Deposits into court for the purpose of determining the rights of the parties to all Contract Deposits. All costs and expenses of any such action, including attorney's fees incurred by Escrow Agent, shall be borne jointly and severally by Seller and Purchaser irrespective of the amount of all Contract Deposits and irrespective of which party ultimately prevails in the dispute. In the event of a dispute concerning default or payment of all Contract Deposits by Escrow Agent, Escrow Agent shall not be personally liable to either party except for bad faith or gross neglect. In the event a claim other than for bad faith or gross neglect is asserted against Escrow Agent, the parties shall jointly and severally indemnify and hold Escrow Agent harmless from all loss or expense of any nature, including attorney's fees, arising out of the holding of all Contract Deposits irrespective of the amount of all Contract Deposits.

22. **Terms and Conditions of Escrow Agent Holding Contract Deposits:** Seller and Purchaser acknowledge that Vermont law provides that real estate brokers shall place any Contract Deposits held by them that are reasonably expected to earn less than One Hundred Dollars ($100.00) in interest in a pooled interest-bearing trust account or escrow (IORTA) account. Interest accrued on such Contract Deposits is remitted to the Vermont Housing Finance Agency (VHFA) to be used in the Agency's single family home mortgage programs. Seller and Purchaser further acknowledge that Vermont law also provides that real estate brokers shall place any Contract Deposits held by them that are reasonably expected to earn interest more than One Hundred Dollars ($100.00) in interest in an individual interest-bearing account. Acknowledging the above advisements, for the convenience of the transaction, Seller and Purchaser agree that unless otherwise agreed in writing, all Contract Deposits held by Escrow Agent shall nonetheless be placed in a pooled interest-bearing IORTA account and the interest accrued thereon shall be remitted to VHFA even if the interest thereon is expected to earn more than One Hundred Dollars ($100.00).

Seller's Initials           Purchaser's Initials   

**23. Mediation of Disputes:** In the event of any dispute or claim arising out of or relating to this Contract, to the Property, or to the services provided to Seller or Purchaser by any real estate agent who brought about this Contract, it is agreed that such dispute or claim shall be submitted to mediation prior to the initiation of any lawsuit. The party seeking to mediate such dispute or claim shall provide notice to the other party and/or to the real estate agent(s) with whom mediation is sought and/or the parties and/or real estate broker(s) with whom mediation is sought shall reasonably cooperate and agree on the selection of a mediator. A party or real estate broker not involved in the dispute or claim shall not be required to participate in the mediation. The real estate agent(s) who brought about this Contract can be of assistance in providing information as to sources for obtaining the services of a mediator. Unless otherwise agreed to in writing, the parties and any real estate agent(s) involved in the mediation shall share the mediator's fee equally. Seller, Purchaser and the real estate agent(s) who brought about this Contract acknowledge and understand that, although utilizing mediation in an effort to resolve any dispute or claim is mandatory under this Contract, the function of the mediator is to assist the parties involved in the mediation in resolving such dispute or claim and not to make a binding determination or decision concerning the dispute or claim. This provision shall be in addition to, and not in replacement of, any mediation or alternative dispute resolution system required by an order or rule of court in the event the dispute results in a lawsuit. **In the event a lawsuit is initiated without first resorting to mediation as required by this Section, any party or real estate agent named in Section 31 of this Contract shall be entitled to reimbursement of the reasonable cost of attorney's fees or other expenses arising out of such lawsuit until the mediation required by this Section occurs.**

**24. Fixtures and Personal Property:** Insofar as any of the following items are now located on and belong to the Property, they shall be deemed to be fixtures and are included in this sale; heating, lighting and plumbing fixtures; storm windows and doors; screens and screen doors; curtain rods, window shades and blinds; shrubbery and trees; wall-to-wall carpeting, television antennae and satellite dish. **NO PERSONAL PROPERTY, INCLUDING TELEVISION(S) AND TELEVISION MOUNTING BRACKET(S), IS INCLUDED IN THIS SALE UNLESS EXPRESSLY IDENTIFIED AND DESCRIBED IN THIS CONTRACT OR IN ANY SCHEDULE ATTACHED HERETO.** Any personal property transferred under this Contract is sold "As Is" with no warranties of any kind, express or implied, other than the warranty of title.

**25. Risk of Loss/Insurance:** During the period between the date of this Contract and the transfer of title, risk of loss shall be on Seller. Seller shall continue to carry such fire and extended coverage insurance as is presently maintained on the buildings and improvements located on the Property. In the event any of the buildings or improvements are destroyed or damaged and are not restored to their present condition by the date set for closing, Purchaser may either accept title to the Property and receive the benefit of all insurance monies recovered on account of such damage or may terminate this Contract and be entitled to the return of all Contract Deposits as Purchaser's sole remedy.

**26. Closing Adjustments:**
**A.** Real property taxes, municipal taxes, fees and assessments, condominium assessments, rents, utilities or similar items shall be apportioned and prorated at Closing between Seller and Purchaser. Seller shall be responsible **for closing adjustments and expenses until the day before Closing. Purchaser shall be responsible for closing adjustments and expenses on and after the day of Closing.**
**B.** Should any tax, charge, rate or assessment be undetermined on the date of Closing, the last determined tax, charge, rate or assessment shall be used for purposes of apportionment and proration.
**C.** Any payment under the Vermont Statewide Education Property Tax which reduces the real estate property tax on the Property, either for the current tax year or thereafter, shall be allocated and paid to Seller at Closing unless the Seller and Purchaser otherwise agree in writing.
*It is understood and agreed that the amount of any such payment is the property of the Seller and shall not be applied to the apportionment and proration of taxes. Purchaser is advised that the payment to be made to Seller at Closing on account of any applicable Statewide Education Property Tax may require Purchaser to have available funds at Closing that might significantly exceed funds for closing adjustments that would otherwise be required.*
**D.** Purchaser shall reimburse Seller at Closing for fuel at the Property at the current rate charged by the Seller's fuel supplier at the time of Closing, with the exception of propane which shall be handled outside of Closing by Seller and Purchaser as set forth in Title 9 V.S.A. Section 2461b, with reference to the Vermont Attorney General Consumer Protection Rule (CP) 111, Regulation of Propane.
**E.** The net amount of the above adjustments shall be added to or deducted from the amount due to or owed by Seller at Closing.

**27. Effect:** This Contract is for the benefit of and is binding upon Seller and Purchaser, and their respective heirs, successors, administrators, executors and assigns. This Contract, together with any written and signed addenda thereto, contains the entire agreement by and between Seller and Purchaser and supersedes any and all prior agreements, written or oral. This Contract shall be governed by the laws of the State of Vermont.

**28. Modification and Amendment:** No change, modification, amendment, addition or deletion affecting this Contract shall be effective unless in writing and signed by Seller and Purchaser.

**29. Written Notices/Effective Delivery:** Any notice required to be in writing under this Contract (and any addenda or supplemental conditions thereto) must be signed by Seller, Purchaser, or their respective attorneys, by actual or electronic signature that complies with Federal and Vermont electronic signature laws. All such notices, other than those sent to the parties' respective attorneys, shall be effective only if sent to the address(es) (including email addresses) set forth in this Contract, by hand, courier, delivery service, facsimile transmission (fax), U.S. mail, or by a digitally signed or scanned, signed document or image sent by electronic transmission. **Emails without a digitally signed or scanned, signed document or image attached shall not be effective notice.** In the event notices are sent by hand, courier, delivery service or regular (not certified) U.S. mail, such notices shall be effective upon receipt. Text or telephonic notice shall not be effective to satisfy any required notice.

Seller's Initials    Purchaser's Initials   

**Any notice required to be sent to Seller shall be effective if sent to:**
- A real estate broker representing Seller (**Seller's Agency/Agent**) identified in Section 31 of this Contract at the address set forth below; or
- A broker's agent acting as agent of Seller's Agent (**Broker's Agency/Agent**) identified in Section 31 of this Contract at the address set forth below; or
- A Vermont attorney representing Seller in the transaction; or
- Seller at the address(es) set forth on Page 1 of this Contract.

**Any notice required to be sent to Purchaser shall be effective if sent to:**
- A real estate broker representing Purchaser (**Buyer's Agency/Agent**) identified in Section 31 of this Contract at the address set forth below; or
- A Vermont attorney representing Purchaser in the transaction; or
- Purchaser at the address(es) set forth on Page 1 of this Contract.

Broker representing Seller (**Seller's Agency/Agent**), if any:

| | | | |
|---|---|---|---|
| Four Seasons Sotheby's Int'l Realty | | Freddie Ann Bohlig | |
| Agency | | Agent | |
| 85 North Main St | Rutland | VT | 05701 |
| Street Address/P.O. Box | City/Town | State | Zip |

| | |
|---|---|
| freddieann.bohlig@fourseasonssir.com | (802) 774-7002 |
| Email | Fax No. |

☐ **Broker's Agency/Agent,** if any, or

☑ **Buyer's Agency/Agent,** if any  (check one)

| | | | |
|---|---|---|---|
| Lakes & Homes Real Estate | | Heather Martelle | |
| Agency | | Agent | |
| PO Box 85 | Bomoseen | VT | 05732 |
| Street Address/P.O. Box | City/Town | State | Zip |

| | |
|---|---|
| Heather.martelle@yahoo.com | |
| Email | Fax No. |

30. **Contract Date.** No binding contract shall be created or deemed to exist between Seller and Purchaser unless all terms and conditions of any offer(s) and/or counteroffer(s), including any addenda or supplemental conditions are agreed to in writing, **signed** (with any changes **initialed**) by **both** Seller and Purchaser and **notification** thereof provided in the manner required by Section 29 not later than 06/04/2021 _____ 11:59 ☐ A.M. ☑ P.M. EST/EDT which shall constitute the **Contract Date** regardless of the date(s) the Contract is signed by Seller and Purchaser. The **Contract Date** shall be the commencement date for computing any time periods in this Contract and any addenda or supplemental condition(s) to this Contract, which time periods shall be calculated as follows: the Contract Date shall not be counted; the first day after the Contract Date shall be the first day counted; Saturdays, Sundays and legal holidays shall be counted; and the final day shall be counted. Either party has the right to withdraw any offer made by that party prior to its acceptance and notification thereof given by the other party in writing. **In the event a binding contract is not made by the Contract Date, neither party shall have any obligations to the other party. Oral communication of any offer or oral notification of acceptance of any offer is not sufficient to create a legally binding contract.** Any document or notice required to be in writing shall be effective if signed by actual or electronic signature that complies with Federal and Vermont electronic signature laws. If a document or notice is required to be signed by a party or to be in writing, electronic transmissions that do not comply with such electronic signature laws are not effective.

31. **Efforts of Agent(s):**  Seller and Purchaser agree that the Agency/Agent(s) named in Section 29, and their respective efforts, brought about this Contract.

32. **Calendar Days/Counterparts:**  Whenever this Contract or an addendum or amendment thereto refers to a day or days, it shall be deemed to be calendar days. This Contract may be executed in two or more counterparts, each of which shall be deemed an original but all of which shall constitute one and the same Contract.

Seller's Initials  [initials boxes]   Purchaser's Initials  [initials boxes]

33. **Time is of the Essence:** Time is of the essence with respect to all obligations and undertakings of Seller and Purchaser under this Contract **including the times for providing all notices required to be given.** Failure to act within the time period required shall constitute a breach of this Contract or waiver of the contingency or condition sought to be exercised.

34. **Purchaser acknowledges receipt of the following documents:**
   ☑ Vermont Real Estate Commission Mandatory Consumer Disclosure
   ☑ Vermont Department of Health – Pamphlet – "Testing Drinking Water From Private Water Supplies" (if the Property is served by a private water system)
   ☑ Efficiency Vermont  - Pamphlet – "Home Energy Information"

## PURCHASER'S AGREEMENT TO PURCHASE

Purchaser: | *Jeanne Quagliano*                      dotloop verified
                                                     06/03/21 6:23 PM EDT
                                                     WU5D-JY7U-VO8T-WZPD |
           (Signature)                              Date and Time (EST/EDT)

Purchaser: | |
           (Signature)                              Date and Time (EST/EDT)

Purchaser: | *Steven D. Quagliano*                 dotloop verified
                                                     06/03/21 9:33 PM EDT
                                                     N0XL-OFUE-JOKQ-GX8P |
           (Signature)                              Date and Time (EST/EDT)

Purchaser: | |
           (Signature)                              Date and Time (EST/EDT)

## SELLER'S AGREEMENT TO SELL

Seller: | *Donald Sinex*                           dotloop verified
                                                     06/06/21 11:22 AM EDT
                                                     J2VO-OLNO-HV2W-8WRM |
        (Signature)                                Date and Time (EST/EDT)

Seller: | |
        (Signature)                                Date and Time (EST/EDT)

Seller: | |
        (Signature)                                Date and Time (EST/EDT)

Seller: | |
        (Signature)                                Date and Time (EST/EDT)



Four Seasons | Sotheby's INTERNATIONAL REALTY

## ADDENDUM

This addendum is in reference to the Purchase and Sales Agreement dated: <u>06/04/2021</u>

Between <u>Jeanne M. Quagliano and Steven D. Quagliano</u>                     (Purchasers)

And <u>Donald F. Sinex</u>                                         (Sellers)

Pertaining to the following described property: <u>9 Abbey Lane</u>

In the town of <u>Rutland Town</u>                     ,State of <u>Vermont 05701</u>

All parties agree that the acceptance date of this contract is June 7th. 2021

This addendum is to be incorporated into the aforementioned Purchase and Sales Agreement.  All terms and conditions set forth in said Agreement shall remain in full force and effect, except to the extent they are modified or negated by this addendum.

| *Jeanne Quagliano* | dotloop verified<br>06/06/21 4:40 PM EDT<br>HROF-GVST-JJK6-XAFN | | *Donald F. Sinex* | dotloop verified<br>06/06/21 7:48 AM EDT<br>6OZK-GUFX-DOCD-5CZ6 |
| Purchaser | Date | | Seller | Date |
| *Steven D. Quagliano* | dotloop verified<br>06/06/21 8:37 PM EDT<br>SDFM-OBPQ-HECL-9VBT | | | |
| Purchaser | Date | | Seller | Date |




# PERSONAL PROPERTY ADDENDUM

Addendum to Purchase and Sale Contract between:

Donald Sinex _____ (Seller) and

Jeanne M. Quagliano and Steven D. Quagliano _____ (Purchaser).

Property Location 9 Abbey Ln, 4 _____ Rutland _____ (Property)
                                    Street                      City/Town

The Contract Date is 06/04/2021 _____ (insert date from Section 30 of Purchase and Sale Contract).

For the convenience of the transaction, the following personal property shall be conveyed to Purchaser at Closing at no monetary value:

Electric garage door opener with 3 transmitters, security alarm system, dehumidifier, 6 smoke detectors, whirlpool bath, swimming pool, pool heater, spa/hot tub, pool/spa equipment (list):heater, cleaning filter, circulator pump, refrigerator, stove, hood/fan, microwave oven, garbage disposal, trash compactor, washer, dryer, freezer, intercom, ceiling fans, well pump, satellite dish, indoor/outdoor grill, attic fan, window A/C.
In addition, all furniture, pool and patio furniture and personal items will be included in the sale for the additional price of $100,000.00.
Entertainment Barn will be completely furnished except the following:, Piano, Wine in the two-floor coolers, Black iron glass coffee table, Area rug in the living room.
Personal photos and expensive art will not be included. (Artwork to be catalogued and photographed for clarification. All walls are to be repaired and touched up where artwork has been removed.
House items not included: Living room-Two little round antique tables built by the owner, Silver Captain tea server table, any Herend porcelain pieces and china dishes, Mirror in the Dining room, Captains desk in the upstairs office and the front foyer chandelier. No machinery included.
Seller grants the Purchasers first right of refusal for any items listed above if the decision is made to sell rather than move with the property. This includes, but is not limited to, the front foyer chandelier.

☐ See attached for additional items.

At Closing, Seller shall convey, assign and deliver to Purchaser all of Seller's right, title and interest in and to the personal property described herein and in any attachment hereto and shall convey the same free and clear of all liens, attachments and encumbrances.  All such items shall be conveyed **"AS IS."**  There are no express or implied warranties of any nature relating to the conveyance of these items, including warranties of merchantability and/or fitness for a particular purpose.  Purchaser understands that Seller is not a merchant with respect to these items.

Seller: *Donald Sinex*
dotloop verified
06/06/21 11:22 AM EDT
TPOB-XY0M-WIEO-8JDO
(Signature)          Date

Purchaser: *Jeanne Quagliano*
dotloop verified
06/03/21 6:23 PM EDT
VXWT-AX3F-TU43-Q589
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: *Steven D. Quagliano*
dotloop verified
06/03/21 9:33 PM EDT
APTQ-UQYU-HIX5-OQLU
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date

 

Four Seasons | Sotheby's INTERNATIONAL REALTY

## ADDENDUM

This addendum is in reference to the Purchase and Sales Agreement dated: 06/04/2021

Between Jeanne M. Quagliano and Steven D. Quagliano                    (Purchasers)

And  Donald F. Sinex                                                   (Sellers)

Pertaining to the following described property: 9 Abbey Lane

In the town of Rutland Town                    ,State of Vermont 05701

Both the Seller and Purchaser agree that the following personal artwork/decorations are in addition to the contents agreed upon in this contract and are included in the sale. The photos can be referenced from an email dated 06/04/21 which identified items in question numbered from 139 to 239.

Additional personal items included in sale: 142, 143, 146, 147, 152(coffee table in the barn not staying but the accessories on top of the table will stay), 159, 160, 177(only the candle holder stays, dog goes), 180, 182, 186, 188, 189, 191, 193, 195, 198, 199, 204(Minguet art not staying, tv + platters staying), 207(photos, crystal + silver not staying), 210, 211, 220, 221(photos, baseball gloves+ license plate not staying), 222, 224, 225, 227, 228, 229, 230, 235, 236, 239.

The rest are paintings, Herend, silver, crystal, wine, and personal mementos are not included.

All parties agree that the acceptance date of this contract is 06/05/21

This addendum is to be incorporated into the aforementioned Purchase and Sales Agreement. All terms and conditions set forth in said Agreement shall remain in full force and effect, except to the extent they are modified or negated by this addendum.

| *Jeanne Quagliano* | dotloop verified 06/05/21 9:12 PM EDT E5KE-5SDO-XPEE-NJA9 | *Donald Sinex* | dotloop verified 06/06/21 11:21 AM EDT TLTX-F6RT-SSZT-CQOF |
| Purchaser | Date | Seller | Date |
| *Steven D. Quagliano* | dotloop verified 06/05/21 9:12 PM EDT 0QLW-ZG6G-LY7S-NJPL | | |
| Purchaser | Date | Seller | Date |





# PROPERTY INSPECTION CONTINGENCY ADDENDUM

Purchase and Sale Contract between:

Donald Sinex _____ (Seller) and

Jeanne M. Quagliano and Steven D. Quagliano _____ (Purchaser).

Property Location 9 Abbey Ln, 4 _____     Rutland _____ (Property)
                        Street                          City/Town

The Contract Date is 06/04/2021 _____ (insert date from Section 30 of Purchase and Sale Contract).

Purchaser's obligation to close under the above Contract is subject to the contingency that Purchaser, at his/her sole expense, obtain an inspection or inspections of the Property by a Vermont licensed property inspector(s) selected by Purchaser.  The inspection(s) may include, but shall not be limited to, the **roof, foundation, structural, mechanical, heating, plumbing, electrical, water** (including water potability**), radon** (including air and/or water), **wastewater/septic/sewage, or other systems or improvements on the Property**.  If the results of any water potability tests indicate that the water is not potable under Vermont or Federal EPA standards applicable to the water system serving the Property, the water potability shall be deemed unsatisfactory under this Addendum, but not otherwise.  If the results of any air radon tests show that the air radon level is not within applicable federal guidelines (less than 4 picocuries per liter) the air radon tests shall be deemed unsatisfactory under this Addendum, but not otherwise.

**INSPECTION DEADLINE:** All Property inspection(s) shall be fully performed and completed, including results of all tests conducted as part of such inspection(s), not later than 21_____ **CALENDAR DAYS** after the **Contract Date**.

**Check Applicable Option:**

☐  A.   If the results of such inspection(s) are unsatisfactory to Purchaser, Purchaser shall have the right to terminate this Contract, provided Purchaser shall give Seller written notice of Purchaser's decision to terminate this Contract based upon the results of the inspection(s) not later than _____ **CALENDAR DAYS** after the **INSPECTION DEADLINE**.

☐  B.   If the inspection(s) disclose(s) substantial defects or deficiencies which, based upon written, signed estimates from independent qualified inspectors, contractors or other persons specializing in the type of repair needed, would cost, in the aggregate, more than $_____ to repair, Purchaser shall have the right to terminate this Contract, provided Purchaser shall give Seller written notice of Purchaser's decision to terminate this Contract based upon the results of the property inspection(s) not later than _____ **CALENDAR DAYS** after the **INSPECTION DEADLINE**.  As part of such notice, Purchaser shall provide Seller with copies of all such written signed estimates.

☑  C.   If the results of such inspection are unsatisfactory to Purchaser, Purchaser shall have the right to terminate or renegotiate this contract, provided Purchaser shall give Seller written notice of Purchaser's decision to terminate or renegotiate this contract based upon the results of the inspection not later than 7 calendar days after the inspection deadline.

Seller's Initials  DS  06/06/21  dotloop verified  [ ] [ ] [ ]     Purchaser's Initials  JMQ  06/02/21  9:55 PM EDT  dotloop verified   SDQ  06/02/21  9:51 PM EDT  dotloop verified  [ ] [ ]

**TIME IS OF THE ESSENCE as to the INSPECTION DEADLINE and any NOTICE OF PURCHASER'S TERMINATION of the Contract Pursuant to this Addendum.**

If notice of Purchaser's decision to terminate the Contract based upon the results of the property inspection(s) is not provided to Seller as set forth in option A, B or C above, or if the inspection(s) is not fully performed and completed, including results of all tests conducted as part of such inspection(s), by the INSPECTION DEADLINE, this contingency shall be deemed waived and shall be of no further force and effect.

In the event Purchaser terminates this Contract in accordance with the provisions of this Property Inspection Contingency Addendum, all Contract Deposit(s) shall be forthwith returned to Purchaser subject to rules and regulations applicable to Escrow Agent, the Contract shall be terminated and shall be of no further force and effect. In such case, Seller and Purchaser agree to execute and deliver to Escrow Agent an authorization for delivery of all Contract Deposit(s).

Any notices required to be sent under this Property Inspection Contingency Addendum shall be sent in accordance with Section 29 of this Contract.

Seller hereby agrees to provide access to the Property upon reasonable prior notice for purposes of the above inspection(s). Any damage caused to the Property as a result of the inspection(s) shall be Purchaser's responsibility.

Seller: _Donald Sinex_
dotloop verified
06/06/21 11:21 AM EDT
QYW4-WEBL-NL1Q-PPOV
(Signature)          Date

Purchaser: _Jeanne Quagliano_
dotloop verified
06/02/21 9:55 PM EDT
PFRJ-CFAQ-6IJF-GZJ3
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _Steven D. Quagliano_
dotloop verified
06/02/21 9:51 PM EDT
UM4G-B8HN-RXR3-33DX
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date




## ADDENDUM A_____ TO PURCHASE AND SALE CONTRACT

Addendum to Purchase and Sale Contract between:

Donald Sinex _____ (Seller) and

Jeanne M. Quagliano and Steven D. Quagliano _____ (Purchaser).

Property Location 9 Abbey Ln, 4 _____ Rutland _____ (Property)
                              Street                        City/Town

The Contract Date is 06/04/2021 _____ (insert date from Section 30 of Purchase and Sale Contract).

This addendum is as follows:

Purchaser's and Seller's obligation to close under this contract is contingent upon a Vermont attorney selected and paid for by Purchaser and/or Seller to review the terms and provisions of this contract other than price. If as a result of the Attorney Review, Purchaser or Seller desire to terminate this contract, Purchaser or Seller shall have the right to do so not later than seven (7) calendar days from the Contract Date and not thereafter. Neither Seller nor Purchaser shall have any right to terminate this contract under this Attorney Review provision based on the price set forth in the contract.

This Addendum constitutes a part of the above-referenced Contract. All terms and conditions set forth in the Contract shall remain as set forth in the Contract, except as may be modified by this or any other addendum to the Contract.

Seller: *Donald Sinex*
dotloop verified
06/06/21 11:21 AM EDT
JWCV-RJXE-ASNL-JWAN
(Signature)         Date

Purchaser: *Jeanne Quagliano*
dotloop verified
06/02/21 7:35 PM EDT
PBKP-ZOEI-ZUQ2-LIDO
(Signature)         Date

Seller: _____
(Signature)         Date

Purchaser: *Steven D. Quagliano*
dotloop verified
06/02/21 9:51 PM EDT
BIDR-XRQE-PFUF-TJGJ
(Signature)         Date

Seller: _____
(Signature)         Date

Purchaser: _____
(Signature)         Date

Seller: _____
(Signature)         Date

Purchaser: _____
(Signature)         Date





## ADDENDUM B_____ TO PURCHASE AND SALE CONTRACT

Addendum to Purchase and Sale Contract between:

<u>Donald Sinex</u> _____ (Seller) and

<u>Jeanne M. Quagliano and Steven D. Quagliano</u> _____ (Purchaser).

Property Location <u>9 Abbey Ln, 4</u> _____ <u>Rutland</u> _____ (Property)

                          Street                                     City/Town

The Contract Date is <u>06/04/2021</u> _____ (insert date from Section 30 of Purchase and Sale Contract).

This addendum is as follows:

Seller agrees to have the septic tank pumped by a septic service at Seller's expense and will provide Purchaser with accurate and complete copies of the results of such pumping and inspection within __14__ calendar days after the Contract Date demonstrating that the septic tank is in satisfactory operating condition as of the date of such pumping. Alternatively, Seller agrees to provide Purchaser with accurate and complete copies of pumping and inspection of the septic tank performed within the six months prior to the Contract Date. NOTE: PUMPING AND INSPECTION OF THE SEPTIC TANK BY A SEPTIC SERVICE DOES NOT NECESSARILY INDICATE THAT THE SEPTIC/WASTEWATER SYSTEM IS IN SATISFACTORY OPERATING CONDITION.

This Addendum constitutes a part of the above-referenced Contract. All terms and conditions set forth in the Contract shall remain as set forth in the Contract, except as may be modified by this or any other addendum to the Contract.

Seller: *Donald Sinex*
dotloop verified
06/06/21 11:20 AM EDT
T94O-MXNW-UEUS-NFFN

(Signature)                   Date

Purchaser: *Jeanne Quagliano*
dotloop verified
06/02/21 7:34 PM EDT
BU4D-KIEM-OOFU-VDNZ

(Signature)                   Date

Seller: _____

(Signature)                   Date

Purchaser: *Steven D. Quagliano*
dotloop verified
06/02/21 9:51 PM EDT
Q4QE-IU71-RAPT-DHIM

(Signature)                   Date

Seller: _____

(Signature)                   Date

Purchaser: _____

(Signature)                   Date

Seller: _____

(Signature)                   Date

Purchaser: _____

(Signature)                   Date




## ADDENDUM C_____ TO PURCHASE AND SALE CONTRACT

Addendum to Purchase and Sale Contract between:

Donald Sinex _____ (Seller) and

Jeanne M. Quagliano and Steven D. Quagliano _____ (Purchaser).

Property Location 9 Abbey Ln, 4 _____ Rutland _____ (Property)
                        Street                              City/Town

The Contract Date is 06/04/2021 _____ (insert date from Section 30 of Purchase and Sale Contract).

This addendum is as follows:

Purchaser may obtain an inspection of the wastewater system/septic system by an engineer or licensed site technician selected and paid for by Purchaser which may include the septic tank, force main system (if applicable), distribution lines and/or leach or absorption field(s).

This Addendum constitutes a part of the above-referenced Contract. All terms and conditions set forth in the Contract shall remain as set forth in the Contract, except as may be modified by this or any other addendum to the Contract.

Seller: *Donald Sinex*   dotloop verified 06/06/21 11:19 AM EDT SVXC-UZYR-HTFN-0H4S
(Signature)          Date

Purchaser: *Jeanne Quagliano*   dotloop verified 06/02/21 7:35 PM EDT PGDG-4ZZ2-TAMI-AA4C
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: *Steven D. Quagliano*   dotloop verified 06/02/21 9:51 PM EDT EWXT-L08R-M0TV-ZHC7
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date

Seller: _____
(Signature)          Date

Purchaser: _____
(Signature)          Date