

PLAINTIFF'S EXHIBIT 2

**WEBBER, CHAPMAN & KUPFERER, LTD.**
**LAWYERS**
(FORMERLY WEBBER & COSTELLO, LTD.)

25 Washington Street
Rutland, VT 05701

GARY R. KUPFERER
kupferer@kupfererlaw.com

JARED BLAKE
blake@kupfererlaw.com

(802) 773-9109
Fax (802) 773-5966

CHRISTOPHER A. WEBBER, SR.
(1905-1984)

S. STACY CHAPMAN, III
(1954-2014)

August 12, 2021

**VIA EMAIL AND HAND DELIVERY**

Timothy U. Martin, Esq.
Pratt Vreeland Kennelly Martin & White, LTD.
64 North Main Street
Rutland, Vermont 05701

Dear Tim,

I am sending this letter as Steven D. Quagliano and Jeanne M. Quagliano's attorney to you in your capacity as the Seller Donald F. Sinex's attorney, with respect to the Quagliano's purchase of 9 Abbey Lane in Rutland Town, Vermont from your client. This Notice is being given pursuant to Paragraph 29 of the Purchase and Sale Contract by and between our clients. It is my clients' position that your client is in default pursuant to Paragraph 20 of the Contract and therefore have the right to terminate it. Specifically, it has come to my clients' attention, based on credible evidence, that your client has removed personal property that was included in the sale to my clients. There is evidence that your client directed third parties to remove personal property that my clients have contracted for (See email dated August 2, 2021, specifically paragraph 4). Please see Paragraphs 14 and 24 of said Contract. Consistent with the Contract, my clients hereby terminate the Contract and demand return of their Contract deposit.

By way of background, as you are aware, the issue of the personal property first surfaced last Friday. The issue has continued to the present time. I have suggested to you since Monday that we need additional time to sort this out and it would be advisable to extend the closing date to accomplish this. I left you a message midday Wednesday with no return call. I called you again late Wednesday afternoon and talked with you about an extension. You indicated at that time that you had not discussed the extension with your client but would. Later on Wednesday, you left a message with me indicating that your client would not extend the closing date. My clients remain willing to extend the closing date to attempt to resolve the issue with respect to the personal property. My hope is that your client will reconsider his position. If not, please consider this my clients' termination of the contract and a demand of the return of the contract deposit consistent with the Purchase and Sale Contract.

In any event, I look forward to hearing from you.

Sincerely,

Gary R. Kupferer, Esq.

Enclosure

cc:  Nancy Liberatore, (w/encl. and via email)
     Heather Martelle, (w/encl. and via email)
     Freddie Ann Bohlig, (w/encl. and via email)