UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | No.: CR 05 00491 VRW |
| Plaintiff, ) | |
| v. ) | STIPULATION AND ORDER (PROPOSED) |
| JASON TANG, ) | |
| Defendant. ) | |

The parties ask the Court to (a) vacate the April 24, 2007, hearing date, (b) set a new hearing date on June 12, 2007, (c) exclude of time under the Speedy Trial Act from April 24, 2007, to June 12, 2007, and (d) refer the matter to United States Probation for a pre-plea presentence report. The Court just granted a similar request for co-defendant Uriel Sotomayor. The parties ask this for the following reasons:

1. The parties have undertaken settlement negotiations in this matter and anticipate that a guilty plea will be entered by the defendant. They recognize that most of the defendants in this matter have entered guilty pleas and have been sentenced or will be sentenced in the near future. Based on previously-scheduled conflicts of defense counsel and defense counsel's need to engage a sentencing expert, the parties agree that in order to move the case forward, the defense will ask the Court for a pre-plea presentence report. The United States has no objection. In co-defendant Sotomayor's case, United States Probation suggested a hearing date of June 12, 2007.

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)

1  The defense also agrees that setting the matter for June 12, 2007, will allow the defense to
2  accomplish its objectives.
3      2. The parties agree that time should be excluded under the Speedy Trial Act from April 24,
4  2007, to June 12, 2007.  The case is complex and involves approximately 30,000 intercepted
5  conversations and 8000 pertinent calls, many of which are in Russian.  The parties agree that
6  "the case is so unusual or so complex, due to the number of defendants, the nature of the
7  prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect
8  adequate preparation for pretrial proceedings or for the trial itself within the time limits
9  established" by the Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).
10     3. The parties agree that a separate ground for excluding time exists for effective preparation
11 of defense counsel based on the defense's need to obtain a sentencing expert, who also may
12 provide information relevant to the parties' plea agreement.  Thus, the parties agree that failure
13 to grant a continuance would deny defense counsel the reasonable time necessary for effective
14 preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §
15 3161(h)(8)(B)(iv).  Based on defense counsel's previously-scheduled case commitments, the
16 parties also agree that failure to grant a continuance would unreasonably deny the defense
17 continuity of counsel.  See id.
18     5. Finally, the parties agree that the ends of justice served by excluding time from April 24,
19 2007, to June 12, 2007, outweigh the best interests of the public and the defendant in a speedy
20 trial within the meaning of 18 U.S.C. § 3161(h)(A).
21 DATED: March 8, 2007           /s/ Laurel Beeler
                                  LAUREL BEELER
22                                Assistant United States Attorney
23 DATED: March 8, 2007
24                                 /s/ Shari L. Greenberger
                                  SHARI L. GREENBERGER
25                                Counsel for Jason Tang
26                              ORDER
27     For good cause shown, the Court orders the following:
28     1. The Court vacates the status date of April 24, 2007, and resets the matter for June 12,

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                    2

1  2007.

2     2. Defendant Tang is referred to the United States Probation Office for the preparation of a

3  pre-plea presentence report;

4     3. For the reasons set forth in the parties' stipulation, the Court orders that the period from

5  April 24, 2007, to June 12, 2007 be excluded from Speedy Trial Act calculations under 18

6  U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).

7     IT IS SO ORDERED.

8  DATED: March 12, 2007

                            VAUGHN R. WALKER
                            Chief United States District Judge

