UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No.: CR 05 00491 VRW |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | STIPULATION AND ORDER (~~PROPOSED~~) |
| | ) | |
| JASON TANG, | ) | |
| Defendant. | ) | |

    The parties ask the Court to (a) vacate the June 19, 2007, hearing date, (b) set a new hearing date on August 7, 2007, and (c) exclude time under the Speedy Trial Act from June 12, 2007 (the initially-scheduled hearing date), to August 7, 2007.   The parties ask this for the following reasons:

    1.  The parties have undertaken settlement negotiations in this matter and anticipate that a guilty plea will be entered by the defendant at the next appearance.  Based on previously-scheduled conflicts of defense counsel and defense counsel's need to engage a sentencing expert, and in order to move the case forward, the Court ordered a pre-plea presentence report.  That report is in process, but is not yet finished.  Also, defense counsel is evaluating one remaining factual issue, and additional time to evaluate it is needed.  In addition, defense counsel J. Tony Serra and Shari Greenberger have had conflicting commitments (including an ongoing-trial), and August 7, 2007, is the first available date that will allow the defense to accomplish its objectives

1    consistent with counsel's previously-scheduled commitments.

2        2.  The case was previously set for June 12, 2007, and time was excluded under the Speedy

3    Trial Act to June 12, 2007.  The Court subsequently reset the matter for June 19, 2007.

4        3.  The parties agree that time should be excluded under the Speedy Trial Act from June 12,

5    2007, to August 7, 2007.  The case is complex and involves approximately 30,000 intercepted

6    conversations and 8000 pertinent calls, many of which are in Russian.  The parties agree that "the

7    case is so unusual or so complex, due to the number of defendants, the nature of the prosecution,

8    or the existence of novel questions of fact or law, that it is unreasonable to expect adequate

9    preparation for pretrial proceedings or for the trial itself within the time limits established" by the

10   Speedy Trial Act.  See 18 U.S.C. § 3161(h)(8)(B)(ii).

11       4.  The parties agree that a separate ground for excluding time exists for effective preparation

12   of defense counsel for the reasons set forth in paragraph 1.  The parties agree that failure to grant

13   a continuance would deny defense counsel the reasonable time necessary for effective

14   preparation, taking into account the exercise of due diligence.  See 18 U.S.C. §

15   3161(h)(8)(B)(iv).  Based on defense counsel's previously-scheduled case commitments, the

16   parties also agree that failure to grant a continuance would unreasonably deny the defense

17   continuity of counsel.  See id.

18       5.  Finally, the parties agree that the ends of justice served by excluding time from June 12,

19   2007, to August 7, 2007, outweigh the best interests of the public and the defendant in a speedy

20   trial within the meaning of 18 U.S.C. § 3161(h)(A).

21   DATED: March 8, 2007            /s/ Laurel Beeler
                                     LAUREL BEELER
22                                   Assistant United States Attorney

23   DATED: March 8, 2007

24                                    /s/ Shari L. Greenberger
                                     SHARI L. GREENBERGER
25                                   Counsel for Jason Tang

26                                   ORDER

27   For good cause shown, the Court orders the following:

28       1.  The Court vacates the status date of June 19, 2007, and resets the matter for August 7,

STIPULATION AND ORDER (Proposed)
(CR 05 00491 VRW)                    2

1    2007.

2        2.   For the reasons set forth in the parties' stipulation, the Court orders that the period from

3    June 12, 2007, to August 7, 2007 be excluded from Speedy Trial Act calculations under 18

4    U.S.C. § 3161(h)(8)(A) & (B) (i) & (iv).  Specifically, the Court finds that the case "is so unusual

5    or so complex, due to the number of defendants, the nature of the prosecution, or the existence of

6    novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial

7    proceedings or for the trial itself within the time limits established" by the Speedy Trial Act.  See

8    18 U.S.C. § 3161(h)(8)(B)(ii).  Failure to grant a continuance would deny defense counsel the

9    reasonable time necessary for effective preparation, taking into account the exercise of due

10   diligence, and would unreasonably deny the defense continuity of counsel.  See 18 U.S.C. §

11   3161(h)(8)(B)(iv).  The Court finds and holds that  ends of justice served by excluding time from

12   June 12, 2007, to August 7, 2007, outweigh the best interests of the public and the defendant in a

13   speedy trial within the meaning of 18 U.S.C. § 3161(h)(A).

14       IT IS SO ORDERED.

15   DATED:   6/5/2007

16                                                VAUGHN R. WALKER
                                                 Chief United States District Judge

